UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :

BLOSSOM JOSEPH et al.,                       :
                              Plaintiffs,   :
                                                       :          08 Civ. 11186 (JPO)
                     -v-                                   :
                                                       :          MEMORANDUM AND
AMERICAN MODIFICATION AGENCY, INC.  :           ORDER
et al.,                                                         :
                                  Defendants.:
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiffs, individually and on behalf of others similarly situated, brought this action on behalf of homeowners-mortgagors who hired American Modification Agency, Inc.; Amerimod, Inc.; Island Pride Home, Inc.; Salvatore Pane, Jr.; Russell Izzo; Calvin Gordon; and James F. Anzelone ("Defendants") to stop foreclosures and obtain favorable mortgage modifications. Plaintiffs assert that, instead, Defendants unlawfully required Plaintiffs to pay an upfront fee of 1% of the total amount of their existing mortgage as a condition of receiving the promised services, which in many cases were never rendered. This matter was certified as a class action on May 10, 2012.

       Plaintiffs now move to voluntarily dismiss this matter pursuant to Federal Rule of Civil Procedure 23(e). For the reasons discussed below, Plaintiffs' motion is granted.

**I.      Background**

      Jurisdiction over this matter is based on the Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 5, 119 Stat. 4 (2005). *See* 28 U.S.C. § 1332(d).

**A.     The pleadings**

Plaintiffs initiated the action on December 23, 2008, and filed an amended complaint on July 8, 2009.  (Dkt. Nos. 1, 14.)  The five named Plaintiffs (Blosson Joseph, Francis Joseph, Paul Eliacin, Dawn Yamada, and George Yamada) assert for themselves, and others similarly situated, claims for breach of contract, common law fraud, unjust enrichment, and violations of the Credit Repair Organization Act, the New York Consumer Fraud Statute, the New Jersey Fraud Statute, and other state statutes.

The Defendants have appeared in this action inconsistently.  Five Defendants – Calvin Gordon; Amerimod, Inc.; American Modification Agency, Inc.; Island Pride Homes Inc.; and Salvatore Pane, Jr. ("Amerimod Defendants") – filed their answer to the amended complaint on August 6, 2009.[1]  (Dkt. No. 19.)  Subsequently, on October 7, 2009, Attorney Hyman Hacker from Albanese & Albanese LLP moved to withdraw as counsel to the Amerimod Defendants based on their failure to communicate or to comply with discovery demands or to pay Mr. Hacker's attorney's fees.  (Dkt. No. 29.)  The Court granted Mr. Hacker's motion to withdraw on October 29, 2009.  (Dkt. No. 30.)

The sixth Defendant, Mr. Russell Izzo, filed an answer to the amended complaint and cross-claims against the Amerimod Defendants on September 8, 2009.[2]  (Dkt. No. 22.) Recently, Mr. Izzo's counsel informed the Court that he has been discharged from representing Mr. Izzo, but he has not moved the Court for leave to withdraw and appeared at the February 2, 2012 conference as a courtesy to his former client.  (*See* Greene Decl. ¶ 9.)

---

[1] Defendants Russell Izzo, Calvin Gordon, AMA, Inc., Island Pride Homes Inc., and Salvatore Pane, Jr. submitted their answer to the original complaint on February 5, 2009.  Defendant Party Amerimod, Inc. was first joined as a party to the action on June 16, 2009.

[2]  The Amerimod Defendants filed an answer to the cross-claims on September 11, 2009.  (Dkt No. 24.)

### B. New York Attorney General's Proceeding

On or around August 13, 2009, the Attorney General of the State of New York commenced a special proceeding in New York Supreme Court, New York County, against three of the defendants in the instant proceeding, Amerimod, AMA, and Pane (the "State Defendants") based on the same events. *People of the State of New York v. Amerimod Inc., The American Modification Agency, Inc., and Salvatore Pane, Jr., Individually and as Principal Of Amerimod Inc., and The American Modification Agency Inc.*, Index No. 402032/2009 (N.Y. Sup. Ct.) (the "NYAG Proceeding"). In connection with the NYAG Proceeding, the New York Supreme Court issued a temporary restraining order freezing the bank accounts of the State Defendants. (Greene Decl. ¶ 5.) Thereafter, Amerimod and AMA, the primary defendants in this action, ceased all operations and vacated their corporate offices. (*Id.*)

Plaintiffs in the instant action moved to intervene in the NYAG Proceeding in October 2010. New York Supreme Court Justice Emily Jane Goodman denied the motion to intervene on May 2, 2011, holding that the class interests were adequately represented by the New York Attorney General. (May 2, 2011 Order, Ex. C to Greene Decl.)

### C. Class Certification

In December 2009, Plaintiffs moved for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). (Dkt. No. 34.) Only Defendant Izzo filed an opposition to this motion. (Dkt. No. 36.) On May 10, 2010, Judge Stephen C. Robinson, to whom this case was previously assigned, granted Plaintiffs' motion for class certification and created two classes: (1) one for plaintiffs who are eligible for relief under a state mortgage foreclosure consultant law that prohibits the collection of upfront fees; and (2) another for plaintiffs seeking relief under state

common law. (Dkt. No. 43.) On November 12, 2010, the case was reassigned to Judge Robert W. Sweet. On September 30, 2011, the case was reassigned to the undersigned. (Dkt. No. 46.)

Even though the class was certified, Plaintiffs have not disseminated notice of the certified class action to the class as required by Fed. R. Civ. P. 23(c). (Greene Decl. ¶ 8.) Nevertheless, Plaintiffs' counsel declares that seventeen individual class members initiated contact with Plaintiffs' counsel after learning about the lawsuit. (Greene Decl. ¶ 18 n.3.) These individual Plaintiffs completed intake forms regarding their experience with Amerimod, and fourteen of these intake forms were annexed as exhibits in support of Plaintiffs' motion for class certification. (*Id.*; *see also* Dkt. No. 35.)

### D. Proposed Settlement

On February 1, 2012, Plaintiffs' counsel, Mr. Jeffrey S. Greene, notified the Court that he had reached a settlement with the sole defendant who regularly appeared in this matter, Defendant Izzo. (Ex. A to Greene Decl.) The proposed settlement provided that Defendant Izzo would make a payment to the five named Plaintiffs in this matter, who would release their claims against him. (*Id.*) Plaintiffs' counsel requested that the Court order the proposed settlement, decertify the class, and dismiss this action, *sua sponte*, against the other Defendants.

The Court denied the request to approve the proposed settlement between the named Plaintiffs and Defendant Izzo at the February 10, 2012 conference and granted Plaintiffs' request to brief a motion to decertify the class. In an order dated March 12, 2012, the Court granted Plaintiffs an extension on time in which to file their proposed motion and cautioned Plaintiffs' counsel to "be mindful of his ethical responsibilities as class counsel insofar as he attempts to settle this matter only on behalf of the named Plaintiffs." (Dkt. No. 57.)

4

Plaintiffs' counsel subsequently decided not "to seek the Court's approval of the stipulation of settlement, but instead to seek voluntary dismissal of the entire class action without prejudice. . . ." (Pl. Mot. at 9, Dkt. No. 63.)

## II.     Legal Standard

The district court must approve voluntary dismissal of a certified class action pursuant to Federal Rule of Civil Procedure 23(e). Rule 23(e) provides:

> (e) **Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Thus, adequate notice must be directed to all class members who would be "bound" by the proposal. Fed. R. Civ. P. 23(e)(1).

When reviewing a proposed class action settlement, the district court must ensure that the terms are "fair, adequate, and reasonable, and not a product of collusion." *Joel A. v. Giuliani*,

5

218 F.3d 132, 138 (2d Cir. 2000).  In addition, the court must consider both the procedural fairness of the negotiating process leading to the settlement, as well as the substantive terms of the settlement itself.  *See Garland v. Cohen & Krassner*, No. 08 Civ. 4626, 2011 WL 6010211, at *4 (E.D.N.Y. Nov. 29, 2011) (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001)).  Similarly when reviewing a proposal to voluntarily dismiss a class action after it has been certified, the Court should ensure that the interests of the absent class members have been adequately protected and that there is no collusion between the parties that are present to the detriment of the parties that are absent.[3]

## III.     Application

Here, the proposed voluntary dismissal involves no release of claims and does not bind the class members.  Plaintiffs specifically move to dismiss this matter without prejudice so that the class members will not be precluded from pursuing any claims they may have.  In addition, there have been no binding determinations in this case that may result in issue or claim preclusion if any Plaintiffs continue to pursue their claims.

---

[3] When determining whether a proposed settlement is fair under Rule 23(e), courts consider various factors, including: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *See In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 331 (E.D.N.Y. 2010).  A point-by-point analysis of these factors, however, is not appropriate here, where Plaintiffs seek to dismiss this action voluntarily without prejudice and without the imposition of any binding settlement agreement and where the class never received notice of the certified action.

Notably, Plaintiffs' counsel no longer proposes a settlement between only the named Plaintiffs and Defendant Izzo.[4]  This is important because courts disfavor allowing counsel for a class to negotiate a settlement favoring only certain members of the class.  The close scrutiny of selective settlements serves to prevent the class action device from being used as a instrument to pressure defendants to settle claims with individual plaintiffs to avoid more substantial exposure from the class at the expense of the absent class members.  *See* 3 Herbert B. Newberg & Alba Conte, *Newberg on Class Action*s § 8:18 (4th ed. 2002).  Counsel for Plaintiffs no longer requests that the Court authorize settlement of the claims of those individual class members who are named while dismissing the claims for the other class member that he also represents.

Significantly, any residual concerns that this Court has concerning the rights of the absent class members are allayed by the fact that all class members are included in the NYAG Proceeding.  Indeed, the New York Attorney General has previously seized the assets available from the State Defendants and moved for an award of restitution and penalties against the State Defendants in excess of $17 million.  (*See* Greene Decl. ¶¶ 12-15.)  As the State Court has noted, the members of the class here at issue will be entitled to a portion of any recovery in the NYAG Proceeding.  (*See* May 2, 2011 Order by Justice Goodman denying Plaintiffs' motion to intervene, Ex. C to Greene Decl. at 9 ("Federal Court plaintiffs do not need to intervene in this proceeding in order to recover fairly any monies that the OAG manages to secure from respondents.").)

---

[4] *See* Greene Decl. ¶ 17 ("[A]lthough the parties had previously discussed with the Court seeking approval of the stipulation of settlement, Plaintiffs' counsel has determined instead to seek the voluntary dismissal of the class action without prejudice . . . .  Thus, the voluntary dismissal is not being sought in connection with a private settlement of individual claims. . . .  Furthermore, Plaintiffs' counsel is not seeking an award of fees in connection with this voluntary dismissal although over $100,000.00 in lodstar [*sic*] has been incurred since the inception of this Action.")

Accordingly, the Court concludes that the class will not be prejudiced by granting Plaintiffs' motion to dismiss this action without prejudice.

## IV. Notice

Finally, the Court determines that it is not necessary for Plaintiffs' counsel to notify all members of the class regarding the voluntary dismissal of this matter, but only those members who have been involved in the litigation or have communicated with Plaintiffs' counsel previously about the litigation. Notice to the class is mandatory in those circumstances where the class will be bound by the proposal. Fed. R. Civ. P. 23(e)(1). Where, as here, the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, MDL-1446, 2007 WL 209923, at *3 (S.D. Tex. Jan. 24, 2007) (concluding that notice to the absent class members is not required for voluntary dismissal under Rule 23(e) where the dismissal is without prejudice and "there is no resolution of any of the claims on the merits that would bind the class members"); *see also* 4 A. Conte & H. Newberg, *Newberg on Class Actions*, § 11:72 at 265 ("If neither loss of benefit to the class nor evidence of collusive agreement is present, notice is unnecessary.").

As discussed above, even though the class was certified in May 2010, Plaintiffs' counsel declares that no notice of the certification was ever disseminated to class members as required under Federal Rule of Civil Procedure 23(c). (Greene Decl. ¶ 8.) Plaintiffs emphasize that as a technical matter the class members cannot be bound by any of the proceedings in this matter because notice has not been provided to them. Furthermore, there is no determination in this matter that could serve to preclude or foreclose any of class members' claims or arguments should they choose to pursue this matter through the NYAG Proceeding or otherwise. In

8

concluding that notice to the class is not necessary, the Court also considers the relative lack of publicity about this case, the existence of the NYAG Proceeding which serves to protect the rights of the class, and the absence of any evidence of collusion.

However, the Court determines that it is appropriate for Plaintiffs, as they have proposed, to notify the seventeen individuals who contacted Plaintiffs of the voluntary dismissal of this matter and of class members' right to pursue their claims individually if they choose.

## V.   Conclusion

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss this action without prejudice is GRANTED.  Counsel for Plaintiffs shall submit a letter to the Court by facsimile on or before  September 28, 2012, containing a representation that notice to the aforementioned seventeen members of the Plaintiff class has been provided.

The Clerk of Court shall close the motion at Docket No. 61 and terminate this matter.

SO ORDERED.

Dated: New York, New York
       August 16, 2012

_____
J. PAUL OETKEN
United States District Judge

9